NUMBER 13-10-00483-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

KENDALL ALLEN,                                                                        Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 117th
District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Garza

 

            On March 18, 2010,
pursuant to a plea bargain, appellant Kendall Allen pleaded nolo contendere to
family violence assault, a third-degree felony.  See Tex. Penal Code Ann. § 22.01 (West Supp.
2010).  The trial court deferred adjudication and placed him on community
supervision for three years.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2010).  On June 24,
2010, the State filed a motion to revoke probation, alleging that appellant
violated various conditions of his community supervision, including the
commission of two new assault offenses.  At a hearing on June 1, 2010, the
State abandoned four of its allegations, and appellant pleaded “true” to the
remaining allegations.  Based on appellant’s plea, the trial court found that
except for the abandoned allegations, appellant violated the terms of his
community supervision as alleged in the State’s motion, revoked appellant’s
community supervision, and sentenced appellant to four years’ imprisonment.  See
Tex. Penal Code Ann. § 12.34 (Vernon
Supp. 2010).        

I.  Anders
Brief

            Allen’s appellate counsel
has filed a motion to withdraw and a brief in support thereof in which he
states that he has diligently reviewed the entire record and has concluded that
there is no reversible error.  See Anders v. California, 386 U.S. 738
(1967); High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978).  Counsel has informed this Court that he has (1) examined the record and
has found no arguable grounds to advance on appeal, (2) served copies of the
brief and motion to withdraw on Allen, and (3) informed Allen of his right to
review the record and to file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).  More than an adequate time has passed, and no pro
se response has been filed.  See In re Schulman, 252 S.W.3d 403, 409
n.23 (Tex. Crim. App. 2008).  

II. 
Independent Review

Upon receiving an Anders brief,
we must conduct a full examination of all the proceedings to determine whether
the appeal is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988). 
We have reviewed the entire record and counsel’s brief, and find that the
appeal is wholly frivolous and without merit.  See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005) (“Due to the nature of Anders
briefs, by indicating in the opinion it considered the issues raised in the
brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III.  Motion
to Withdraw

            In accordance with Anders,
Allen’s counsel has filed a motion to withdraw as his appellate counsel.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas
1995, no pet.) (“If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.”) (citations omitted)). 
We grant the motion to withdraw.

            We order that counsel
must, within five days of the date of this opinion, send a copy of the opinion
and judgment to Allen and advise him of his right to file a petition for
discretionary review.[2]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

7th
day of July, 2011.









[1]
The Texas Court of Criminal Appeals has held that “the pro se response need
not comply with the rules of appellate procedure in order to be considered. 
Rather, the response should identify for the court those issues which the
indigent appellant believes the court should consider in deciding whether the
case presents any meritorious issues.”  In re Schulman, 252 S.W.3d 403,
409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d
693, 696-97 (Tex. App.–Waco 1997, no pet.)).





[2]
No substitute counsel will be appointed.  Should Allen wish to seek further
review by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or file a pro se petition
for discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition
for discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3, 68.7.  Any
petition for discretionary review must comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.